**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DANNY ANTWYN SOLOMON**                                                                  **PLAINTIFF**

**v.**                                                                                              **No. 1:10CV337-M-A**

**DOLPH BRYAN, ET AL.**                                                                           **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On July 26, 2011, plaintiff Danny Antwyn Solomon, an inmate in the custody of the Yazoo County Regional Correctional Facility (inmate number 166958), appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Plaintiff's Allegations**

On October 6, 2010, between 9:10 p.m. and 9:30 p.m., Danny Solomon was attacked by three or four gang members during his pretrial detention in the Oktibbeha County Jail.[2] He suffered a broken nose and a broken bone in his face in the attack.[3] He was treated for his

---

[1] 28 U.S.C. § 1915(g).

[2] He has since been convicted on charges of non-residential burglary and sexual battery and is currently housed in the Yazoo County Correctional Facility.

[3] MDOC does not have Solomon's medical records from his stay in the Oktibbeha County Jail.

injuries in the local emergency room. As a result of these injuries, Solomon's ears ring, he has become paranoid, and he has "flashbacks." When he returned to the hospital for a follow-up visit, a doctor told him that once the swelling in is face subsided, he would likely require corrective surgery on his nose. Solomon requested such surgery, but neither Sheriff Dolph Bryan nor Head Jailer Blasingame would send him for surgery during his stay in Oktibbeha County. He has since been transferred to custody of the Mississippi Department of Corrections, but he has not requested a follow-up visit with medical personnel to determine the best course of treatment for his nose trouble.

Solomon did not know the reason for the attack at first, and he had no idea that the men might attack him. He heard through the prison grapevine that someone mistakenly "put [his] name in some mess[4]" and he was beaten due to this mistake. He was not initially sure who his attackers were, but later deduced their identities. He knew his attackers and had no idea they might attack him. Solomon is not a gang member and was not, at the time, housed as a trusty. Instead, he was in protective custody. No jailers were on the floor during the attack, and it appears that the officers in the tower were not paying attention to the prisoners at the time. The plaintiff estimates that the beating lasted five to ten minutes. He could not get the attention of the guards during this time, and his attackers locked him in his cell. He was placed on lockdown the next day.

### Classification

As to the plaintiff's placement in lockdown after the attack, inmates have neither a

---

[4]The "mess" was than someone informed on gang members for smuggling cigarettes and marijuana into the jail, and the gang members erroneously believed plaintiff was the informant..

protectable property or liberty interest to a particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); MISS. CODE ANN. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). Given the surprise nature of the attack – and the apparent lack of motive – jail officials cannot be faulted for restricting the plaintiff's contact with his fellow inmates, at least until they sorted out the cause for the attack and the likelihood of another one. Under the law governing this case, the court will not second-guess the defendants' decision. The claim is without merit and should therefore be dismissed.

## *Respondeat Superior*, No Personal Involvement

The plaintiff testified at the *Spears* hearing that neither Sheriff Dolph Bryan, Ed Blasingame, Jesse Stanley nor D. J. McCaskill were present during the attack. Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). As these defendants were neither involved in the incident nor had knowledge that the plaintiff was in danger of being attacked, the plaintiff's claims against them must be dismissed

for failure to state a claim upon which relief could be granted.

## Failure to Protect

In addition, the plaintiff's claim that jail officials failed to protect him must be dismissed on the merits. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). The pivotal inquiry is what the proper standard is for the court to apply in such cases. Deliberate indifference is "the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). The deliberate indifference also applies to pretrial detainees under the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). A plaintiff does not meet this standard "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). In this case, the plaintiff himself did not expect the attack, as it arose from a case of mistaken identity. For this same reason, prison officials could not have predicted the attack, and they could not have protected the plaintiff from an attack they could not predict. As such, the plaintiff has not alleged that the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary if the plaintiff is to state a valid claim under § 1983. *Id.* at 826. This allegation should be dismissed for failure to state a claim upon which relief could be granted.

## Denial of Medical Treatment

The court must also apply the deliberate indifference standard to prisoner claims

regarding denial of adequate medical care. In order to prevail on such a claim, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). The deliberate indifference standard applies to pre-trial detainees (under the Fourteenth Amendment) as well as convicted inmates (under the Eighth Amendment). *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

Cases such as the present one, arising from delayed medical attention rather than a clear denial, require a plaintiff to show that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th

Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Under this standard, the plaintiff's claims that prison officials denied him adequate medical treatment must be dismissed. The plaintiff received medical treatment immediately after he was attacked, and he returned to the hospital for a follow-up visit. The plaintiff claims that the free world doctor told him that he would later need to undergo a surgical correction for his nose injury; however, he has not alleged a time frame for such surgery – or that the defendants decided not to provide such treatment or that this decision caused him "substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). For these reasons, the plaintiff's allegation that the defendants denied him adequate medical care for failure to insure he underwent nose surgery must be dismissed for failure to state a constitutional claim.

In sum, the undersigned respectfully recommends that the instant case be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and

recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 12th day of September, 2011.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE